**VINCENT, Plaintiff-Appellant, v. DIVINE PEACE MISSION MOVEMENT, Inc. et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2175. Decided April 3, 1952.

Jacobson & Durst, William Pollak, of Counsel, Dayton, for plaintiff-appellant.

Shaman, Winer & Shulman, Paul Ziegler, of Counsel, Dayton, for defendants-appellees.

## OPINION

By WISEMAN, J:

This is an appeal on law and fact from the judgment of the Common Pleas Court of Montgomery County. The matter has been submitted to this Court on the transcript of the evidence taken in the lower court.

In his petition plaintiff alleges that on May 13, 1949, he conveyed by quitclaim deed his undivided one-half interest in a piece of real property to his mother, Dora Lyes, and that subsequently she conveyed by quitclaim deed an undivided one-half interest in said real estate to the Divine Peace Mission Movement, Inc. Plaintiff alleges that the members and officers of the Divine Peace Mission Movement, Inc., exercised undue influence over the mother in securing the quitclaim deed. Plaintiff further alleges that at the time he executed the deed to his mother, she promised to reconvey the undivided one-half interest to him upon his request. Plaintiff prays that the deed from Dora Lyes to the Divine Peace Mission Movement, Inc. be declared null and void, and that Dora Lyes be declared a trustee for the plaintiff for the undivided one-half interest for the use and benefit of the plaintiff.

The defendants filed separate answers in which they deny the material allegations in plaintiff's petition.

Plaintiff testified that at the time he conveyed his undivided one-half interest to his mother, he was having trouble with a woman with whom he had been cohabiting, and that the transfer to his mother was for the purpose of preventing this woman from securing an interest in the property. He further testified that the mother promised that when the trouble ended she would reconvey the property to him. The mother just as strenuously denied ever having made such agreement with the son and testified that she had purchased the property on contract, and for many years had made the payments thereon, and that when the trouble arose between her son and his "common law wife" she asked the son to give the deed to her, stating that she had paid for the property and that she was the real owner of the entire interest. There is some evidence of an inconsequential character which lends support to both contentions. However, the attorney who represented Dora Lyes in this and other transactions, after securing a waiver of privilege by Dora Lyes, testified at some length giving the details and purpose of the transaction between the son and mother. His testimony supports the contention of the mother in every particular. This attorney bears a fine reputation at the Bar and his veracity was not questioned.

The burden of proof in this case rests on the plaintiff to prove by clear and convincing evidence, and as some authorities state the rule, to prove by clear, certain and convincing evidence, that he was entitled to an order of the court engrafting a parol express trust on the deed which was absolute on its face. **Vol. 40, O. Jur., Page 168, Sec. 34.** In our opinion the evidence is not strong enough to warrant the Court in finding that a resulting trust arose by reason of any payments which the plaintiff claims he made on the purchase price.

We do not believe that the plaintiff has sustained the burden by the proper degree of proof.

Judgment for defendants.

HORNBECK, PJ, MILLER, J, concur.